**Vilma Silva CANLOBO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–3720.

United States Court of Appeals, Sixth Circuit.

June 11, 2004.

Vilma Silva Canlobo, Las Vegas, NV, pro se.

Richard M. Evans, Susan K. Houser, Washington, DC, for Respondent.

Before KEITH, CLAY, and GIBBONS, Circuit Judges.

## ORDER

Vilma Silva Canlobo, a citizen of the Philippines currently residing in Nevada, petitions pro se for review of the affirmance by the Board of Immigration Appeals of an immigration judge's decision denying her requests for asylum, withholding of removal, and voluntary departure. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Canlobo was born in the Philippines in 1950. She entered this country in 1985, and overstayed her visa. She concedes removability on that basis, but requested the above relief, as well as cancellation of removal, the denial of which she is not appealing. A hearing was held in Detroit before an immigration judge (IJ), who denied all of the requested relief. The Board of Immigration Appeals affirmed that decision without opinion. In her brief before this court, Canlobo argues that the IJ erred in finding her testimony not credible, that she did establish persecution on the basis of political opinion, and that she should have been granted voluntary departure.

A decision denying asylum may be reversed only where the evidence is so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Upon careful consideration, we conclude that the evidence in this case does not meet that standard.

■ The IJ correctly denied Canlobo's request for asylum on a number of levels. First, she concluded that Canlobo's testimony was not credible. An adverse credibility finding, supported by specific reasons, is subject to highly deferential review. *Balasubramanrim v. INS*, 143 F.3d 157, 162 (3d Cir.1998). In this case, Canlobo testified that she was approached by a member of the New People's Army, a Communist insurgency group, on the basis of her friendship with another member and her position working for a multinational corporation. He asked her to join their group, donate money to their cause, and spy on her employer. She refused his requests numerous times, after which he ransacked her house and stole some money. She then reported her problem to her employer, who transferred her to Manila. After several years, she testified that the same man tracked her down and again requested her to join his group or give them money, and she again refused. She then testified that she was kidnapped, held for two days, beaten, and raped, before being released. This was the event that caused her to leave the Philippines. The IJ noted that Canlobo had not mentioned anything about her abduction, beating, or rape in her written application for asylum and withholding. She rejected Canlobo's explanation that she was embarrassed to report the rape, noting that she could nevertheless have mentioned the kidnapping, as it was a central portion of her claim. The IJ also found the story itself unbelievable in other respects, including Canlobo's testimony that she was abducted in a taxi, whose driver was directed at gunpoint to the house where she was held, but who was apparently released and did not report the abduction to the authorities.

■ Even if Canlobo's testimony had been found credible, moreover, the IJ also concluded that it did not support a finding of persecution based on political opinion. The Supreme Court has held that forced recruitment by guerillas is not sufficient to establish persecution on the basis of political opinion. *Elias–Zacarias*, 502 U.S. at 481–82, 112 S.Ct. 812. Finally, the IJ also found that, assuming Canlobo had established past persecution, conditions in the Philippines have changed to the extent that she need no longer fear persecution. *Ouda v. INS*, 324 F.3d 445, 452 (6th Cir. 2003). The most recent country reports indicate that the New People's Army has been significantly reduced in size since the time Canlobo left the country, and is mainly confined to one island in the southern part of the country. Thus, Canlobo could avoid persecution by locating in another part of the country. *Bhatt v. Reno*, 172 F.3d 978, 982 (7th Cir.1999).

Because Canlobo failed to satisfy the lower standard of proof required to establish eligibility for asylum, she necessarily failed to show eligibility for withholding of removal. *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995). Canlobo's argument that she should have been granted voluntary departure cannot be reviewed by the court. *Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003); *Sofinet v. INS*, 196 F.3d 742, 748 (7th Cir.1999).

For all the above reasons, the petition for review is denied. Rule 34(j)(2)(C), Rules of the Sixth Circuit.